# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-1980V
UNPUBLISHED

|  |  |
|---|---|
| SANDRA JEAN RIFFELMACHER, | Chief Special Master Corcoran |
| Petitioner, | Filed: September 21, 2022 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On December 28, 2020, Sandra Jean Riffelmacher filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine received on October 11, 2019. Petition at 1.  Petitioner further alleges that the vaccine was received in the United States, her injuries and sequelae lasted more than six months, and neither Petitioner nor any other party has ever filed an action or received compensation in the form of an award or settlement for Petitioner's vaccine-related injuries. Petition at ¶¶ 2, 11-13. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 20, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On September 21, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $60,440.00. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $60,440.00 (comprised of $60,000.00 in pain and suffering and $440.00 in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| SANDRA JEAN RIFFELMACHER, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 20-1980V<br>Chief Special Master Corcoran<br>ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On December 28, 2020, Sandra Jean Riffelmacher ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"). *See* ECF No. 1. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine that she received on October 11, 2019. Petition at 1-3. On September 19, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury; and on September 20, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF Nos. 24, 26-27.

**I.     Items of Compensation**

    A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $60,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable

expenses related to her vaccine-related injury.  Respondent proffers that the Court should award

petitioner past unreimbursable expenses in the amount of $440.00.  *See* 42 U.S.C. § 300aa-

15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.     **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the Court provide petitioner compensation through a lump sum

payment as described below and requests that the Chief Special Master's decision and the

Court's judgment award the following[1]:  a lump sum payment of $60,440.00, in the form of a

check payable to petitioner.

## III.    **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Sandra Jean Riffelmacher:                 **$60,440.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

/s/ *Jamica M. Littles*
JAMICA M. LITTLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
DATED:  September 21, 2022          Tel: (202) 305-4014

3